**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 1 2015

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 11-30402 |
| | ) | |
| Dennie Lee Baker and Loretta Sue Baker, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | Adv. Pro. No. 11-03271 |
| | ) | |
| Stacy A. Landis, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Dennie Lee Baker and Loretta Sue Baker, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

This adversary proceeding is before the court on Defendants' Motion to Dismiss Plaintiff's complaint to determine dischargeability of a debt owed to him by Defendants ("Motion"), [Doc. # 8], and Plaintiff's opposition to the Motion, [Doc. # 11]. Defendants are the debtors in the underlying Chapter 13 case. Plaintiff's complaint seeks a determination that a debt owed to him by Defendants is non-dischargeable. Defendants bring their Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, based upon an argument that Plaintiff has failed to state a claim upon which relief may br

granted.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in a case under Title 11. The underlying Chapter 13 case and this adversary proceeding have been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Plaintiff's complaint commenced a proceeding to determine the dischargeability of a debt, which is a core proceeding that this court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I). The complaint also concerns the adjustment of the debtor-creditor relationship between Plaintiff, who filed a proof of claim in the underlying Chapter 13 case for $45,150.71, and Defendants. As such, it is also a core proceeding under 28 U.S.C. § 157(b)(2)(O).

## PROCEDURAL BACKGROUND

The Motion attacks the sufficiency of the complaint. But this adversary proceeding has a complicated, indeed tortured procedural background that is relevant to the outcome of the Motion. So while the court sees the irony of a seventeen page opinion analyzing a four paragraph complaint, that background needs to be recounted here.[1]

Defendants Dennie Lee Baker and Loretta Sue Baker ("Debtors") filed their Chapter 13 petition commencing this case on January 31, 2011. Among the creditors listed on their Schedule F-Creditors Holding Unsecured Nonpriority Claims were Bonnie Landis and Stacy Landis, at 14597 Rd. 31, Antwerp, OH 45813. [Case No. 11-30402, Doc. # 1, pp. 18 & 21/51]. As to each, the debt is marked J, signifying that it is a joint debt of both Debtors. Debtors scheduled it as to both Bonnie Landis and Stacy A. Landis as unliquidated in the amount of $44,000 and identified the nature of the claim as based on a "judgment arising in Case NO. C109-268." In response to Question 4 on their Statement of Financial Affairs, Debtors disclosed a civil lawsuit captioned Stacy A. Landis, et al -vs- Dennis Baker, et al, Case No. C109-268 in the Paulding County Common Pleas Court in Paulding, Ohio with its status as Judgment. [Case No. 11-30402, Doc. # 1, p. 28/51].

---

[1] The court takes judicial notice of of the contents of its dockets in Defendants' Chapter 13 bankruptcy Case Number 11-30402, as well as in the instant Adversary Proceeding No. 11-03271 and in Adversary Proceeding No. 14-03049. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it). Defendants refer to these proceedings in their Motion. A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010), and finding the plaintiff's earlier complaint filed against another entity may properly be considered).

The Clerk of the this court gave notice of commencement of Debtors' Chapter 13 case and important deadlines to all creditors and parties in interest on February 9, 2011 ("Notice"). [Case No. 11-30402, Doc. ## 9, 12].

On February 28, 2011, Plaintiff Stacy Landis ("Plaintiff" or "Landis") filed a proof of claim in the Chapter 13 case in the amount of $45,150.71 based upon a "[j]udgment for fraudulent non-disclosure and conversion." [Case No. 11-30402, Claims Register, Proof of Claim # 7-1]. There are no attachments to the proof of claim form. Although Debtors objected to many claims, they did not object to the Stacy Landis claim. The Stacy Landis claim was thus an allowed general unsecured claim for purposes of distribution under the plan. *See* 11 U.S.C. § 502(a). No proof of claim was filed by or on behalf of a Bonnie Landis or a Bonita Landis.

Debtors filed their original proposed Chapter 13 plan on February 4, 2011. [Case No. 11-30402, Doc. # 7]. The plan proposed a 36% dividend on unsecured claims. On June 14, 2011, Debtors filed and served on all creditors, including Landis, an Amended Chapter 13 Plan proposing to pay the Chapter 13 Trustee an additional lump sum amount withdrawn from a 401(k) plan resulting in $20,000 total on hand for the Trustee to distribute, and to pay a 25% dividend to unsecured creditors. Stacy A. Landis, and despite the lack of a proof of claim on her behalf, Bonita Landis, filed an objection to the Debtors' proposed Amended Chapter 13 Plan on July 18, 2011. [Case No. 11-30402, Doc. # 61]. After an Affidavit filed by Debtor Dennie Lee Baker evidencing income limited to timed-out unemployment benefits was filed, [Case No. 11-30402, Doc. # 79], an Agreed Order between Debtors and the Chapter 13 Trustee was entered authorizing Debtors to withdraw the lump sum funds from a 401(k) plan. The court confirmed Debtors' Amended Chapter 13 Plan by order entered on October 25, 2011, [Case No. 11-30402, Doc. # 114], over the objection of Stacy A. Landis and Bonita Landis after there was no appearance on their behalf at the confirmation hearing held on August 2, 2011, [*see* Case No. 11-30402, Doc. # 87].

In the meantime, on May 9, 2011, two documents were electronically filed on behalf of Landis in the Chapter 13 case by Attorney Jerry Goldenetz ("Goldenetz") through the court's CM/ECF electronic case filing system.[2]

The first document electronically filed by Goldenetz on May 9, 2011, appears at Doc. # 44 on the

---

[2]This court has adopted routine electronic filing protocols and procedures as set forth in the court's Electronic Case Filing (ECF) Administrative Procedures Manual ("APM"). *See* Local Bankruptcy Rule 5005-4. The APM is available as a link through the local court rules and otherwise on the court's website under the tab Electronic Case Filing. Under the APM, ECF is "operational for all types of cases and filings, including...adversary proceedings." Moreover, unless otherwise ordered by the court, "ECF is mandatory for all attorneys, trustees, registered creditors and registered professional persons."

3

main Chapter 13 case docket. This document was filed using the docket code for a Request for Issuance of Summons. The attached PDF document is actually only a Form B104 Adversary Proceeding cover sheet. The second document electronically filed by Goldenetz on May 9, 2011, appears at Doc. # 45 on the main Chapter 13 case docket. This document was also filed using the docket code for a Request for Issuance of Summons. The attached document is actually an unsigned Complaint to Determine Dischargeability of Debt, captioned "Stacy A. Landis Plaintiff Vs. Dennie Lee Baker Loretta Sue Baker Defendants." There is no mention anywhere in this document of a Bonnie or Bonita Landis and the body of the document refers only to a singular Plaintiff. There are no attachments to this second document. The May 9, 2011, filing date of the two documents was the deadline for filing certain complaints to determine dischargeability of debts as set in the Clerk's Notice. [*See* Case No. 11-30402, Doc. ## 9, 12].

Both filings were problematic beyond the obvious mistake that neither of the PDF documents attached to the docket entries is a Request for Issuance of Summons, which was the filing code used by Goldenetz's staff. The CM/ECF problem with both filings is that Goldenetz needed to electronically open and commence a separate adversary proceeding instead of just filing them on the main Chapter 13 case docket. Moreover, the complaint document was not signed by Goldenetz, either for purposes of electronic filing with a /s/ or manually, and the required filing fee was not paid. Had it been correctly opened and filed in CM/ECF as a separate adversary proceeding, a fee prompt would have occurred requiring payment of the filing fee. The radial button beside each erroneous docket entry shows that Debtors' attorney received electronic notice of the filing of the complaint and the case cover sheet in the Chapter 13 case.

On May 10, 2011, the Clerk entered the following notice on the docket in Debtors' main Chapter 13 case, [Case No. 11-30402], for the filing at Doc. # 45:[3]

> Notice Requiring Corrective Document (Re related document(s) 45 Request for Issuance of Summons) Modified on 5/10/2011 - INCORRECTLY DOCKETED – ADVERSARY MUST (sic) OPENED AND FILING FEE PAID – DOCUMENT IS NOT A REQUEST FOR ISSUANCE OF SUMMONS, BUT RATHER AN ADVERSARY COMPLAINT

But Goldenetz was not sent this notice because his name was not entered by his staff into the case for purposes of receiving electronic notices. His secretary, who had received CM/ECF training in early 2011 but who had never filed an adversary complaint, filed the dischargeability complaint at Goldenetz's request. [Case No. 11-30402, Doc. # 78, Smith Aff.]. In doing so, she not only failed to open and file it as a separate adversary proceeding, but also failed to check the box indicating that Goldenetz represented

---

[3]The Clerk also entered on May 10, 2011, a similar notice as to the Case Cover Sheet filing at Doc. # 44.

4

11-03271-maw    Doc 16    FILED 04/01/15    ENTERED 04/01/15 10:23:13    Page 4 of 17

Stacy Landis to add him to the case for notice purposes. Goldenetz finally added himself to the case on July 18, 2011, by checking the proper box when he electronically filed the objection to confirmation of Debtors' Chapter 13 plan.

On May 24, 2011, on referral from the Clerk after Goldenetz, on behalf of Plaintiff Stacy A. Landis, had failed to respond to the Clerk's Notices Requiring Corrective Documents, the court entered an order that the complaint be "stricken from the court record and of no effect in this proceeding." [Case No. 11-30402, Doc. # 47].[4] In so ordering, the court noted the several deficiencies, including that the document was unsigned[5] and does not bear the proper electronic signature of counsel, that an adversary proceeding must be separately electronically opened and commenced, and that no filing fee had been paid. [*Id.*].

According to counsel's secretary, after filing the complaint on the docket of Debtors' Chapter 13 case, she checked daily for a response from the court, which presumably would have been issuance of a summons via email, and, not surprisingly, received none. [Case No. 11-30402, Doc. # 78]. Had she ever checked the actual case docket, she would have seen the Clerk's Notices Requiring Corrective Documents and eventually the court's orders striking the documents.

Finally, in early June 2011 and at the request of Goldenetz, another secretary contacted the court and was informed that the complaint had been stricken. [*Id.*]. On June 16, 2011, Goldenetz filed a Motion to Refile Adversary Proceeding, with Landis as the movant. [Case No. 11-30402, Doc. # 55]. At a hearing on that motion held on July 20, 2011, Goldenetz characterized the motion as one under Rule 60(b) and asked for leave to file a supplement to it, which the court granted. The Motion to Refile Adversary Proceeding was then supplemented with a Motion for Relief from Judgment, with Landis and Bonita Landis as movants. [Case No. 11-30402, Doc. # 77]. After a hearing, which both Goldenetz and Debtors' attorney attended by telephone, the court took the matter under advisement pending completion of Debtors' plan and their discharge. Debtors completed their plan, pursuant to which Landis was paid a dividend of $14,899.73. [Case No. 11-30402, Doc. # 125].[6] After the requirements of 11 U.S.C. § 1328(a) and (h) were completed, Debtors received their Chapter 13 discharges, [Case No. 11-30402, Doc. # 133], making ripe for

---

[4] A similar order was also entered with respect to the case cover sheet filed at Doc. # 44. [Case No. 11-30402, Doc. # 46].

[5] The document remains unsigned to this date. The lack of a signature was also pointed out to Plaintiff's counsel by the Defendants as early as August 3, 2011, [Case No. 11-30402, Doc. # 86, p. 2/8], and again by the court on April 9, 2014, [Case No. 11-30402, Doc. # 136, p. 4/10]. Under Bankruptcy Rule 9011(a), "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

[6] The plan percentage was increased from 25% to 33% by stipulated order. [Case No. 11-30402, Doc. # 121].

determination the issue whether the unpaid portion of the debt owed to Landis should be excepted from Debtors' Chapter 13 discharges.

The court granted Landis's Rule 60(b) motion on April 9, 2014. [Case No. 11-30402, Doc. ## 136, 137], concluding that Goldnetz's neglect in failing to take action in response to the Clerk's Notices Requiring Corrective Documents that resulted in the court striking the complaint from the record was excusable. The court's separate order granting the Rule 60(b) motion specified that the following would occur:

> This case is before the court on the Motion to Re-file Adversary Proceeding [Doc. # 55], as supplemented by the Motion for Relief from Judgment [Doc. # 77] (together, "Motion"), filed by Creditors Stacy A. Landis and Bonita Landis, Debtors' response and supplemental response [Doc. ## 59 & 86], and Creditors' reply [Doc. # 88]. In accordance with the memorandum of decision separately entered by the court, for good cause shown,
> 
> **IT IS ORDERED** that the Motion to Re-File Adversary Proceeding [Doc. # 55], as supplemented by the Motion for Relief from Judgment [Doc. # 77], be, and hereby is, **GRANTED** as to Creditor Stacy A. Landis, only, and is **DENIED** as to Bonita A. Landis, as she is not a named party in the complaint with standing to file the instant Motion;
> 
> **IT IS FURTHER ORDERED** that the court's Order Striking Document [Doc. # 47] entered on May 24, 2011, be, and hereby is, **VACATED**; and
> 
> **IT IS FURTHER ORDERED** that the Clerk shall re-docket the Complaint filed on the docket of this case at Doc. # 45 in a separate adversary proceeding; and
> 
> **IT IS FURTHER ORDERED** that Creditor Stacy A. Landis shall pay the required filing fee within fourteen days from the date of this Order, absent which the complaint will be dismissed without further notice or hearing; and
> 
> **IT IS FINALLY ORDERED** that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as it applies in this case under Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, the time for service of the summons and complaint is extended for sixty days from the date of this Order.

[Case No. 11-30402, Doc. # 137].

Despite the court's directive in the order that the Clerk re-docket the Complaint as a separate adversary proceeding, Plaintiff went ahead and re-filed it as a separate adversary proceeding on April 23, 2014, assigned the case number 14-03049. [Case No. 11-30402, Doc. # 142]. The document that was filed is the same document originally filed at Doc. # 45 of Case No. 11-30402, except that Goldenetz's manual signature appears thereon.

In the meantime, as directed by the court in its order granting the Rule 60(b) motion, the Clerk had also opened an adversary proceeding, which was opened as Adv. Pro. No. 11-03271 commenced on May 9, 2011. The document that appears at Doc. # 45 in Case No. 11-30402 was re-docketed as Doc. # 1 in the captioned adversary proceeding. The Clerk issued a summons for service by Plaintiff in both Adv. Pro. 11-

6

03271 and in Adv. Pro. 14-03049. Goldenetz served the summons in Adv. Pro. No. 14-03049, which required an answer or other response to the complaint to be filed by May 23, 2014. Debtors in turn timely filed their motion to dismiss Adv. Pro. No. 14-03049, which is the same as the Motion now before the court in this adversary proceeding, on May 9, 2014. [Adv. Pro. No. 14-03049, Doc. # 5].

The Clerk also separately issued the summons for service in new Adv. Pro. No. 11-03271, which was opened by the Clerk on April 9, 2014, with Doc. # 45 from the Case No. 11-30402. [Adv. Pro. No. 11-03271, Doc. # 2]. That summons set an answer date of May 12, 2014, and a pretrial conference for May 20, 2014. The court held the pretrial conference in Adv. Pro. No. 11-03271 on May 20, 2014, however, there was no appearance by or on behalf of Debtors because Plaintiff had not served the summons issued by the Clerk. Pursuant to discussion at the pretrial conference, the court directed Plaintiff to decide which of the two adversary proceedings 11-03271 or 14-03049 to dismiss. [Adv. Pro. 11-03271, Doc. # 3]. Plaintiff filed a motion to voluntarily dismiss Adv. Pro. 14-03049 on May 22, 2014. [Adv. Pro. No. 14-03049, Doc. # 8]. After a hearing held on that motion, the court granted it and dismissed Adv. Pro. No. 14-03049 without prejudice on June 5, 2014, albeit declining to authorize and order reimbursement of the filing fee paid therein. [Adv. Pro. No. 14-03049, Doc. # 15]. The court also denied Debtors' Rule 12(b)(6) motion to dismiss Adv. Pro. No. 14-03049 as moot due to the voluntary dismissal at Plaintiff's request. [Adv. Pro. No. 14-03049, Doc. # 14]. That dismissal left standing only the instant adversary proceeding birthed from the original filing at Doc. # 45 in the main Chapter 13 Case No. 11-30402.

After the originally issued summons in this Adv. Pro. 11-03271 was not served by Plaintiff and it expired, he filed a request for issuance of alias summons. [Adv. Pro. No. 11-03271, Doc. # 4]. The Clerk issued an alias summons on May 22, 2014, [Adv. Pro. No. 11-03271, Doc. # 5], which Plaintiff timely served with the complaint on Debtors, [Adv. Pro. No. 11-03271, Doc. ## 6,7]. The alias summons set a June 23, 2014, deadline for filing an answer or other response to the complaint and a June 26, 2014, pretrial conference. [Adv. Pro. No. 11-03271, Doc. # 5]. In lieu of an answer and as permitted by Rule 12, Debtors timely filed the Motion that is now before the court on June 2, 2014. [Adv. Pro. No. 11-03271, Doc. # 8]. It is the same as the motion to dismiss that Debtors filed in Adv. Pro. No. 14-03049 on May 9, 2014.

That finally brings the court to the substance of Plaintiff's complaint as raised by the Motion. The complaint states in its entirety as follows:

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

1. Plaintiff herein is a holder of an unsecured property claim against Debtors/Defendants, which claim is based on fraudulent misrepresentations by Debtors/Defendants which makes the claim non-dischargeable.

7

> 2. The Claim of Plaintiff is further based on the Judgment of the Paulding County Court of Common Pleas in case No. CI-09-268, which Court rendered judgment on behalf of Plaintiff and against Debtors/Defendants and also awarded punitive damages and attorney fees to Plaintiff which are also non-dischargeable.
> 3. The claim of Plaintiff against Debtors/Defendants is $23,622.49 plus $13,500.00 for attorney fees and $7,500 for punitive damages.
> 4. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sec. 1471 [*sic*] and 11 U.S.C. Sec. 523.
> Wherefore Plaintiff prays that this Court determine the aforesaid debt of Debtors/Defendants to be non-discharegable and that judgment be entered in favor of Plaintiff herein.

[Adv. Pro. No. 11-03271, Doc. # 1, emphasis original, formerly Case No. 11-30402, Doc. # 45]. The complaint in this Adv. Pro. No. 11-03271 is still not signed by Goldenetz, a defect originally pointed out to him in 2011 by both the court and Debtors, and there is nothing attached to it.

## LAW AND ANALYSIS

The Motion raises two issues. First, is the complaint sufficient to state a cause of action for nondischargeability of a debt under 11 U.S.C. § 523(a)? Second, if it is not, should Plaintiff be granted leave to amend his complaint?

**1. Sufficiency of the Complaint**

As already indicated, the Motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The United States Supreme Court explained as follows the "plausibility" standard first set forth in

*Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> . . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(citing *Twombly*, 550 U.S. at 556).

In addition to these pleading standards under Rule 8, Rule 9(b) of the Federal Rules of Civil Procedure, applicable in this adversary proceeding under Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

These basic pleading principles under Rule 8, as explained by the Supreme Court in *Twombly* and *Iqbal*, and Rule 9 apply equally to bankruptcy nondischargeability complaints as to other federal complaints. *See, e.g., Cent. Mut. Ins. Co. v. Starr (In re Starr)*, Case No. 11-16958, Adv. Pro. 11-1317, 2012 Bankr. LEXIS 630 (Bankr. N.D. Ohio Feb. 13, 2012); *Fontenot v. Theile (In re Thiele)*, Case No. 09-51682, Adv. Pro. No. 09-5080, 2010 WL 1026972, 2010 Bankr. LEXIS 847 (Bankr. E.D. Tenn. Mar.17, 2010); *Iwaszczenko v. Neale (In re Neale)*, 440 B.R. 510, 517 (Bankr. W.D. Wis. 2010).

In *Iqbal* the Supreme Court set up a two step process for deciding Rule 12(b)(6) motions. *Picard v. Merkin (In re Bernard L. Madoff Investment Securities LLC)*, 515 B.R. 117, 137 (Bankr. S.D.N.Y. 2014). The first step is "identifying pleadings that, because they are no more than [legal] conclusions are not entitled to the assumption of the truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). In that regard, "'[t]hreadbare recitals of the elements of a cause of action supported by conclusory statements' are not factual." *Id.* (quoting *Iqbal*, 556 U.S. at 678). The second step is, giving all well-pleaded factual allegations an assumption of veracity, deciding whether, together, they plausibly give rise to an entitlement of relief. *Id.*

Plaintiff's four paragraph complaint sets forth five statements that could be construed as factual allegations: 1) Plaintiff holds an unsecured claim against Debtors; (2) his claim is based on fraudulent

9

misrepresentations; 3) the Paulding County, Ohio Common Pleas Court entered a judgment in favor of Plaintiff and against Debtors; 4) the judgment awarded Plaintiff punitive damages and attorneys fees against Debtors; and (5) the court can infer that the amount of the aforesaid state court judgment is $23,622.49 plus $13,500.00 for attorney fees and $7,500 for punitive damages.[7]

The court finds that the first, third, fourth and fifth averments are well-pleaded facts that the court accepts as true. The third fact, however, namely that Plaintiff's claim is based on fraudulent misrepresentations, falls into the category of a mere "label and conclusion," "formulaic recitation" or "naked assertion" that is not required to be accepted as true by the trial court for purposes of deciding a motion to dismiss. That leaves the facts that Plaintiff holds an unsecured claim against Debtors, of the entry and amount of the state court judgment and an award of punitive damages and attorney's fees by the Ohio state court against Debtors as the only allegations that must be taken as true for purposes of the *Iqbal* analysis.

Proceeding to the second step of the *Iqbal* process, the court discerns two potential claims in the complaint and two potential ways to get there. Plaintiff's reference to fraud raises the possibility of nondischargeability claims under § 523(a)(2) or 523(a)(4), both of which involve certain species of fraud. And the complaint presents two potential ways for the court to find that Plaintiff has properly pleaded those claims, both directly setting forth facts that establish a cause of action and via issue preclusion based on the state court judgment.

As to the direct pleading route, the complaint does not provide even a formulaic recitation of the elements of any cause of action under § 523(a), which is not enough to survive a motion to dismiss in the post *Iqbal* and *Twombly* world. Section 523(a)(2)(A) excepts from discharge a debt " for money, property, [or] services,. . . to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . . ." In order to except a debt from discharge under this section due to false pretense or false representation, which the complaint suggests, a plaintiff must prove the following elements by a preponderance of the evidence: (1) the debtor obtained money, property, services or credit through a material misrepresentation, either express or implied, that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) the creditor's

---

[7]The fourth numbered paragraph of the complaint misstates the jurisdictional basis for the complaint as 28 U.S.C. § 1471. The complaint also fails altogether to state whether the action is core or non-core and any of the other information required by Bankruptcy Rule 7008(a).

reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998). In turn, for purposes of § 523(a)(2)(A), "false representations and false pretenses encompass statements that falsely purport to depict current or past facts." *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983). "'False pretense' involves implied misrepresentation or conduct intended to create and foster a false impression, as distinguished from a 'false representation' which is an express misrepresentation." *Ozburn v. Moore (In re Moore)*, 277 B.R. 141, 148 (Bankr. M.D. Ga. 2002)(quoting *Sears Roebuck & Co. v. Faulk (In re Faulk)*, 69 B.R. 743, 750 (Bankr. N.D. Ind. 1986)).

While a plaintiff does not have to plead all of the facts required to support a claim or elements of a cause of action or legal theories or statutes, he must still put a party on notice of facts providing a right to recovery. The court views that need as really important where there are two defendants involved. The complaint could impact whether both defendants can be represented by the same lawyer. And in properly pleading a plausible cause of action under § 523(a), a Plaintiff must at least identify the claimed misrepresentation by the who, what, where, and when and state facts from which reliance and intent may at least reasonably be inferred by the court. *Neale*, 440 B.R. at 522("A complaint which fails to identify the fraudulent statements or the reasons why they are fraudulent does not satisfy the particularity requirements of Rule 9(b)."); *see Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008)(quoting *Gupta v. Terra Nitrogen Corp.,* 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998))*; CNH Am. LLC v. UAW*, 645 F.23d 785, 794-95 (6th Cir. 2011).

Plaintiff's complaint lacks any such facts, let alone particular facts as required by Rule 9(b) where fraud is being averred. There is no identification of any claimed misconduct or misrepresentation by either of the Debtors. There is no set of circumstances alleged from which Plaintiff's reliance can be inferred. The sole fact of an award of punitive damages by the state court is insufficient to allow the court to infer that Debtors or either of them deceived Plaintiff about anything in the absence of information about what claim or claims provided the basis of the state court judgment. *See Starr*, 2012 Bankr LEXIS 630 at *6.

And if a purported fraudulent misrepresentation involved Debtors' or either of them's financial condition, in order to be actionable under § 523(a)(2), a written statement must be involved. *See* 11 U.S.C. § 523(a)(2)(B). Moreover, when a creditor alleges a fraudulent financial statement under § 523(a)(2)(B), it must support its claim of material misrepresentation or fraud in the written statement with particularity pursuant to Rule 9(b). *New Century Bank, N.A. v. Carnell* (*In re Carnell),* 424 B.R. 401, 412 (Bankr. N.D. Ind. 2010); *Wall St. Consulting v. Klein (In re Klein)*, Case No. 12-31617 HCD, Adv. Pro. No. 12-3052,

11

2013 Bankr. LEXIS 3671, (Bankr. N.D. Ind. June 16, 2013).

There is simply no indication of what any alleged fraudulent misrepresentation was or involved, whether with respect to Debtors' financial condition(s) or otherwise. Plaintiff has not set forth enough to put Debtors on notice of facts providing a plausible right to recovery against either or both of them under § 523(a)(2)(A) or (B). The complaint falls far short of containing either direct or inferential factual allegations respecting all material elements to sustain a recovery under some application of § 523(a)(2).

Alternatively, § 523(a)(4) provides that a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny is nondischargeable. The Sixth Circuit has adopted a narrow interpretation of "fiduciary" as used in § 523(a)(4). *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 179 (6th Cir. 1997). In order to trigger the fraud or defalcation provision in that statute, a debtor must hold funds in a trust for the benefit of a third party. *Id.* at 179. Furthermore, the types of trusts that will trigger the fraud or defalcation provision of § 523(a)(4) are "limited to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor." *Id.* at 180. Absent an express trust relationship, an action for fraud or defalcation while acting in a fiduciary capacity does not arise under § 523(a)(4), even if there otherwise exists a fiduciary relationship between the parties that is recognized by state law.

To the extent Plaintiff might have a cause of action under § 523(a)(4), Plaintiff does not allege any facts from which, if proved, an express trust relationship could be found between him and Debtors. Again, the fact of an award of punitive damages by the state court is insufficient on its own to allow the court to infer that Defendants or either of them deceived Plaintiff about anything while acting as fiduciaries within the meaning of § 523(a)(4) as interpreted by the Sixth Circuit. As such, Plaintiff has not alleged a nondischargeability claim under § 523(a)(4) that is plausible on its face.

Failing to set forth allegations of fact from which a plausible theory of misconduct committed by Defendants or either of them to support a nondischargebility determination has been stated, the court will examine the complaint to determine whether, taken as a whole, it otherwise states a plausible theory of relief through issue preclusion based on the state court judgment and its award of punitive damages and attorney's fees. The Supreme Court has confirmed that collateral estoppel principles apply in nondischargeability proceedings in bankruptcy. *Grogan v. Garner*, 498 U.S. 279, 284, n.11 (1991). The doctrine of collateral estoppel "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and *necessary to the judgment*, even if decided as part of a

12

different claim or cause of action." *Markowitz v. Campbell In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999)(quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)(emphasis added)).

The United States Constitution's Full Faith and Credit clause, U.S. Const. art. IV, § 1, is implemented by 28 U.S.C. § 1738, the federal full faith and credit statute. Under 28 U.S.C. § 1738 a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). Collateral estoppel will apply to state court judgments where (1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue and (2) the issue was fully and fairly litigated in state court. *Markowitz*, 190 F.3d at 461. In determining whether a prior state court judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984); *Fordu,* 201 F.3d at 703. In this case, the court must thus apply Ohio issue preclusion principles to the state court proceedings.

Under Ohio law, there are four elements to the application of the doctrine of collateral estoppel: "(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) The issue must have been identical to the issue involved in the prior suit." *Cashelmara Villas Ltd. P'ship v. DiBenedetto*, 87 Ohio App. 3d 809, 814 (1993)(quoting *Monahan v. Eagle Picher Indus., Inc.*, 21 Ohio App.3d 179, 180-81 (1984)); *see Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002). The person asserting collateral estoppel carries the burden of pleading and proving its requirements by a preponderance of the evidence. *Am. Fiber Sys., Inc. v. Levin,* 125 Ohio St. 3d 374, 378 (2010)(citing *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St. 3d 193, 198 (1983)); *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

Under Ohio law, punitive damages are warranted only where actual malice is shown. *Preston v. Murty*, 32 Ohio St. 3d 334, 336 (1987); *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St. 3d 638, 652 (1994). "[A]ctual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston*, 32 Ohio St. 3d at 336. "A possibility or even probability [of harm occurring] is not enough." *Id.* Rather, actual malice requires a finding that the probability of harm occurring is great. *Id.* "Malice of the

13

"conscious disregard" variety [also] requires higher culpability than acting 'knowingly' under the Ohio criminal code." *Spalding v. Coulson*, No. 70524, 1998 WL 564054, * 16, 1998 Ohio App. LEXIS 4105, *54 (Ohio App. Sept. 3, 1998); *see* Ohio Rev. Code § 2901.22(B) ("A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature"). Even in the case of fraud, the Ohio Supreme Court has held that, in order to be awarded punitive damages, a party "must establish not only the elements of the tort itself, but, in addition, must either show the fraud is aggravated by the existence of malice or ill will, or must demonstrate that the wrongdoing is particularly gross or egregious." *McCullough v. Spitzer Motor Ctr., Inc.*, 108 Ohio App. 3d 530, 534 (1996) (quoting *Charles R. Combs Trucking, Inc. v. Int'l Harvester Co.*, 12 Ohio St. 3d 241 paragraph three of syllabus (1984)).

Taken together, the pleaded facts of the state court judgment and its award of punitive damages against Debtors are not enough to add up to a plausible nondischargeability claim on the basis of issue preclusion. For example, if the state court judgment was entered by default it would not be entitled to any collateral estoppel effect in this court. The nature and type of the claims that might (or might not have been) actually litigated in state court and that resulted in an award of punitive damages are wholly unspecified in the complaint. Plaintiff has not attached a copy of the state court judgment or any other documents from the state court proceedings, such as the complaint and the docket, to either the complaint in this court or his brief in opposition to the Motion that the court might consider.

As *Iqbal* directs, in this court's judicial experience, state court judgments only infrequently meet the standards for issue preclusive effect mandating a nondischargeability determination in this court under § 523(a)(2)(4) or(6), even where there is a punitive damages award. The court can easily conjure state court claims that could result in an award of punitive damages, even other than by default, that are simply not actionable in this court. Examples include a fraud claim asserted in the state court that involves an oral misrepresentation about Debtors' or either of them's financial condition, *see* 11 U.S.C. § 523(a)(2)(B), regardless of an award of punitive damages. Or a fiduciary fraud that does not meet the Sixth Circuit's narrow reading in *Garver* of § 523(a)(4), again notwithstanding an award of punitive damages. Such claims could be the basis for a finding of fraud and intent and malice or ill will at state law, but would not be actionable as exceptions to discharge under any theory of recovery supported by the Bankruptcy Code. Likewise, not all state law conversion claims are nondischargeable in bankruptcy.

The complaint falls within the *Iqbal* category of pleadings that are implausible where the allegations of the complaint are too conclusory ("based on fraudulent misrepresentations by

14

Debtors/Defendants") and the complaint otherwise fails to include essential facts about the material elements of a claim necessary to achieve a finding of nondischargeability under some viable legal theory. The bottom line is that a sole averment of a state court judgment containing an award of punitive damages and attorney's fees against Debtors is insufficient to state a plausible nondischargeability claim, either directly or on the basis of issue preclusion. The punitive damages award in the state court judgment merely makes a claim for misconduct committed by Debtors conceivable; the complaint fails to plead facts to nudge it over the line to plausibility.

The court will grant the Motion and dismiss Plaintiff's complaint.

## 2. Leave to Amend

Debtors' Motion asks the court not to allow Plaintiff to amend the complaint or, alternatively, that if it does, to condition amendment on an award of attorney's fees.

Debtors' arguments about the sufficiency of Plaintiff's complaint were first asserted in the motion to dismiss filed in the now-dismissed Adv. Pro. No. 14-03049, where Plaintiffs re-filed their complaint after the court directed the Clerk to open an adversary proceeding and treat the complaint as filed when it first appeared in the underlying Chapter 13 case docket due to counsel's mistake. Debtors filed and served their motion to dismiss that action on May 9, 2014. [Adv. Pro. No. 14-03049, Doc. # 8].

Defendants re-filed the Motion in this adversary proceeding on June 2, 2014. The motions to dismiss filed in the two adversary proceedings are the same.

Rule 15 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding under Rule 7015 of the Federal Rules of Bankruptcy Procedure, governs amendment of pleadings. Having been forewarned in Adv. Pro. No. 14-03049 of Debtors' position that the complaint is wholly insufficient, Rule 15(a)(1) afforded Plaintiff two opportunities to amend the complaint without leave of court or consent of Debtors. Rule 15(a)(1) permits a plaintiff to file an amended complaint without leave of court or the opposing party's consent within 21 days after service, which occurred in this case on May 22, 2014, [Doc. ## 6,7], or within 21 days after service of a motion under Rule 12(b), which occurred in this case on June 2, 2014, [Doc. # 8, p. 11/12]. Plaintiff did not file any amended complaint within either of those time frames, which have expired.

After the times for amendment in Rule 15(a)(1) expire, Rule 15(a)(2) permits amendment of a complaint before trial only with leave of court or the opposing party's written consent. Plaintiff has not filed any motion for leave to amend his complaint. No proposed amended complaint showing that the fatal pleading deficiencies raised by Debtors can be cured has been submitted. Rather, Plaintiff's opposition to

15

the motion to dismiss actively defends the complaint and calls the Motion totally without merit. [Doc. # 11]. Nor does Plaintiff, therefore, even ask in his opposition to the Motion for leave to file an amended complaint should the court disagree. *But cf. PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)("[A] bare request in an opposition to a motion to dismiss- without any indication of the particular grounds on which amendment is sought- does not constitute a motion within the contemplation of Rule 15(a)."). Plaintiff did not respond in his opposition to Debtors' arguments that the court should refuse to allow Plaintiff to amend the complaint or allow it to be amended only with a condition of payment of attorney's fees. No request that the court dismiss the complaint without prejudice is stated in Plaintiff's opposition.

In the Sixth Circuit, the "default rule is that 'if a party does not file a motion to amend or a proposed amended complaint' in the district court, 'it is not an abuse of discretion to dismiss the claims with prejudice.'" *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012)(quoting *CNH Am. LLC v. UAW*, 645 F.3d 785, 795 (6th Cir. 2011)); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991)("[A] district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought"); *Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 549, 556 (6th Cir. 2011)("Plaintiffs having failed to present the issue of amendment, we discern no abuse of discretion in the district court's decision to dismiss their claims with prejudice."); *Begala v. PNC Bank*, 214 F.3d 776, 783-84 (6th Cir. 2000)("Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies."). Plaintiff has taken neither of those actions.

Moreover, under Bankruptcy Rule 9011, Plaintiff's attorney's failure to submit a signed complaint to the court, promptly or otherwise after having been informed multiple times of the lack of a signature, means the complaint "shall" be formally stricken from the record (again). Fed. R. Bankr. P. 9011(a). On that basis, there is technically nothing to amend at this point. The persistent lack of a signed complaint and the myriad other procedural problems engendered in this case that have cost Debtors money to deal with further counsel the court against exercising its discretion other than to dismiss the complaint with prejudice.

Lastly, the complaint is deficient not only in meeting basic pleading standards under Rules 8 and 9 of the Federal Rules of Civil Procedure, it fails to address the separate bankruptcy complaint pleading requirements set forth in Rule 7008.

Rather than take a realistic look at his complaint after the sufficiency problems were raised (twice- first on May 9, 2014, in Adv. Pro. 14-03049 and again on June 2, 2014 in this case) and try in good faith to fix it, Plaintiff just doubled down on its sufficiency.

The court finds, therefore, that not only should the complaint be dismissed, but that it should be dismissed with prejudice to filing an amended complaint.[8]

### CONCLUSION

Based on the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 16] be, and hereby is, **GRANTED;** and

**IT IS FURTHER ORDERED** that Plaintiff's Complaint to Determine Dischargeability of Debt is **DISMISSED,** with prejudice to its refiling. A separate final judgment in favor Defendants Dennie Lee Baker and Loretta Sue Baker and against Plaintiff will be entered by the court.

###

---

[8] With its decision that the complaint will be dismissed with prejudice, the court will not address Debtors' alternative argument that any amendment of the complaint be permitted only on the condition that Plaintiff pay Debtors' attorney's fees.

17